UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES WALKER and
MARCIA WALKER,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

CASE NO. 13-11260
HON. LAWRENCE P. ZATKOFF

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 12th day of July, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss and/or for Summary Judgment pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56(a) (Docket #2). The Motion has been fully briefed. The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted by the parties, without this Court entertaining oral arguments. For the reasons that follow, Defendant's Motion is granted.

## II. BACKGROUND

Plaintiffs obtained a mortgage loan from Allen Mortgage, LLC on February 21, 2009, in the amount of $139,955.00, for a property located on Dufrain Avenue in Pontiac, Michigan (the "Property"). The mortgage was recorded on March 10, 2009. As security for the loan, Plaintiffs granted Mortgage Electronic Registration Systems, Inc. ("MERS") a mortgage on the Property. MERS assigned the mortgage to Defendant, which Defendant recorded on September 27, 2011.

Plaintiffs became challenged in meeting their mortgage payment obligations, which prompted Defendant to initiate foreclosure by advertisement proceedings in October 2011. Defendant purchased the property for $156,808.43 at a sheriff's sale on August 28, 2012. The redemption period expired on February 28, 2013.

Plaintiffs filed their three-count Complaint on February 28, 2013, in Oakland County Circuit Court, wherein they: (1) allege they are entitled to legal title on the Property because Defendant violated MCL §§ 600.3204 and 600.3205 (Count I); (2) allege Defendant breached its obligations pursuant to MCL §600.3205 (Count II); and (3) seek injunctive relief (Count III). The case was removed to this Court on March 25, 2013. On March 27, 2013, Defendant filed its Motion to Dismiss and/or for Summary Judgment.

## III. LEGAL STANDARD
**A.    Rule 12(b)(6)**

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor.

*See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *See also Ashcroft v. Iqbal*, 556 U.S. 662, 696-97 (2009).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Rule 56. *See* Fed. R. Civ. P. 12(d). In this case, the Court will consider matters outside the pleadings. Therefore, the Court will treat Defendant's Motion as one for summary judgment pursuant to Rule 56.

**B.** **Rule 56**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

**A.     Counts I and II**

*1.     Redemption Period Expired on February 28, 2013*

In Counts I and II of their Complaint, Plaintiffs allege that Defendant failed to comply with MCL §§ 600.3204 and 600.3205 with respect to foreclosing on the Property. Under Michigan law, Plaintiffs had six months after the sale (*i.e.*, until February 28, 2013) to challenge the foreclosure. *See* MCL § 600.3240(8). While Plaintiffs filed their Complaint on the day the redemption period expired, their ability to challenge the foreclosure was not tolled. *See Overton v. Mortgage Electronic Registration Systems*, 2009 WL 1507342, at *1 (Mich. App. May 28, 2009) ("Although [plaintiff] filed his suit before the redemption period expired, that was insufficient to toll the redemption period"); *Mission of Love v. Evangelist Hutchinson Ministries*, 2007 WL 1094424, at *5 (Mich. App. April 12, 2007); *Moriarty v. BNC Mortgage, Inc.*, 2010 WL 5173830, at *2 (E.D. Mich. Dec. 10, 2010); *Jackson v. CitiMortgage, Inc.*, 2011 WL 479923, at *2 (E.D. Mich. Feb. 4, 2011). Thus, even though Plaintiffs filed their suit on the day the redemption period was scheduled to expire, the redemption period still expired that day (February 28, 2013).

The clearly established applicable law in Michigan is that persons such as Plaintiffs generally have no right to challenge their foreclosure sale after the redemption period expired. *See, e.g., Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942); *Overton*, 2009 WL 1507342, at *1; *Spartan Distributors, Inc. v. Golf Coast Int'l, L.L.C.*, No. 295408, 2011 WL 1879722 (Mich. App. May 17, 2011) at *3.[1] There are limited exceptions to this established rule of law but, as discussed

---

[1]This Court is not bound by a case Plaintiffs cite in their response brief, nor is the Court persuaded that the standing analysis set forth therein is applicable to the facts of this case. *See Moss v. Wells Fargo Bank, N.A.*, 2012 WL 1050069 (E.D. Mich. 2012) (Lawson, J.) (finding that

below, the only exception that Plaintiffs assert is applicable is based on alleged fraud or irregularity in the foreclosure sale process.

### 2. *No Fraud or Irregularities in the Foreclosure Sale Process*

Under Michigan law, a plaintiff may challenge the foreclosure sale after the expiration of the redemption period by alleging fraud or irregularity in the foreclosure sale process. *See, e.g., Paige v. Kress*, 80 Mich. 85, 89 (1890); *Overton*, 2009 WL 1507342, at *1; *Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL 740537 at *6 (E.D. Mich. Feb. 24, 2011) ("A court has no authority to set aside a properly conducted foreclosure in the absence of a clear showing of fraud, accident, or mistake in the foreclosure proceedings."). Plaintiffs assert that Defendant engaged in fraud or irregularities with respect to handling the foreclosure sale process on the Property because:

1. Plaintiffs failed to <u>receive</u> a 14-day letter from Defendant, as required by Michigan law;

2. Defendant failed to complete the loan modification process and denied Plaintiff a loan modification; and

3. Defendant failed to send a denial letter with the calculations.

In other words, Plaintiffs contend that Defendant engaged in fraud or irregularities in conjunction with the foreclosure sale process because Plaintiffs believe Defendant did not comply with Michigan foreclosure laws. The Court concludes otherwise, as a matter of law.

The Court first notes that Plaintiffs do not allege or offer any evidence that Defendant failed to <u>send</u> them a 14-day letter; rather, Plaintiffs allege only that they did not <u>receive</u> a 14-day letter from Defendant. Defendant, however, was only required to send the letter. MCL § 600.3205a(1).

---

plaintiffs had standing to challenge a foreclosure sale even though they did not redeem the property within the redemption period).

As Exhibit 5 to Defendant's motion demonstrates, Defendant sent each of the Plaintiffs a separate 14-day letter dated October 24, 2011. Moreover, Exhibit 6 to Defendant's motion shows that Plaintiffs' attorney contacted Defendant regarding the default of Plaintiffs' mortgage and foreclosure of the Property in a letter dated October 28, 2011, which was only four days after Defendant sent out the 14-day letters.

Second, Plaintiffs allege that Defendant did not complete the loan modification process. Plaintiffs, however, offer only a conclusory sentence that they provided Defendant with a list of the documents requested by Defendant. Pursuant to MCL § 600.3205b(2), Plaintiffs were obligated to timely provide Defendant with copies of the documents Defendant requested on that list. Plaintiffs did not allege in their Complaint that they provided the requested documents, nor have they: (a) asserted that they did so in their response brief, or (b) submitted any evidence of any nature that such documents were provided to Defendant. In fact, Plaintiffs offered only the following statements to counter Defendant's position that Plaintiffs did not provide Defendant with such documentation (as Plaintiffs were obligated to do):

> Plaintiffs dispute that they did not comply with the loan modification process and further dispute that they did not supply a completed financial package. During this loan modification process, Plaintiffs retained counsel, Ganz Associates (which is undisputed by the Defendant), to assist them in working with Trott & Trott, the law firm retained by Defendant to foreclose on Plaintiffs' mortgage. Certainly, Plaintiffs would not have gone through the trouble, inconvenience and expense of finding and retaining an attorney to help them keep their home, only to ignore requests for documentation from the law firm representing Defendant's interests.

As the undisputed evidence is that Plaintiffs failed to provide such documentation, Defendant had no obligation to follow the modification requirements under MCL §§ 600.3205a - 600.3205c, including sending Plaintiff a denial letter with calculations. *See, e.g.,Talton v. BAC Home Loans Servicing, LP*, 839 F.Supp.2d 896, 909 (E.D. Mich., 2012); *Tawfik v. BAC Home Loans Servicing,*

*LP*, 2011 WL 6181441, at *4 (E.D. Mich., Dec. 13, 2011); *Galati v. Wells Fargo Bank*, 2011 WL 5178276, at *5 (E.D. Mich., Nov. 1, 2011); *Carl v. BAC Home Loans Servicing, LP*, 2011 WL 3203086, at *3 (E.D. Mich., July 27, 2011). As such cases make clear, a plaintiff cannot seek to challenge a foreclosure based on a defendant's alleged failure to comply with MCL §§ 600.3205a - 600.3205c if the plaintiff does not first complete the modification requirements applicable to the plaintiff under those sections.

For the foregoing reasons, the Court concludes that: (1) Plaintiffs cannot, as a matter of law, prove that Defendant engaged in fraud or irregularities with respect to the foreclosure sale process involving the Property, and (2) Plaintiffs do not have standing to challenge the foreclosure of the Property.

*3.     Conclusion*

For the reasons set forth above, the Court concludes that: (a) Plaintiffs do not have standing to challenge the foreclosure of the Property; and (b) Counts I and II of Plaintiffs' Complaint must be dismissed.

**B.     Claim for Injunctive Relief**

In Count III, Plaintiffs bring a claim for injunctive relief. Injunctive relief is not a freestanding claim, however, but is simply a form of relief. *See Terlecki v. Stewart*, 278 Mich.App. 644, 663 (2008) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action"). Accordingly, the Court grants Defendant's Motion as to Count III.

**V.  CONCLUSION**

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss and/or for Summary Judgment pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56(a) (Docket #2) is GRANTED.  IT IS FURTHER ORDERED that Plaintiffs' cause of action be DISMISSED WITH PREJUDICE.  Judgment shall be entered accordingly.

IT IS SO ORDERED.

                                                       S/Lawrence P. Zatkoff
                                                      LAWRENCE P. ZATKOFF
                                                      UNITED STATES DISTRICT JUDGE

Dated: July 12, 2013