**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES WALKER and
MARCIA WALKER,

    Plaintiffs,                                  CASE NO. 13-11260
                                           HON. LAWRENCE P. ZATKOFF

v.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 15th day of October, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Plaintiffs' Motion for Reconsideration (Docket #7). Plaintiffs contend that if the Court would have had the full benefit of two cases at the time the Court granted Defendant's motion for summary judgment, the Court would have denied the motion for summary judgment. Plaintiffs rely on *Roller v. Federal National Mortgage Ass'n, et al.*, No. 12-CV-11236 (E.D. Mich. June 4, 2012), and *Mitan v. Federal Home Loan Mortgage Corp.*, 703 F.3d 949 (6th Cir. December 19, 2012).

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the

case." E.D. Mich. L.R. 7.1(h). See also *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. MICH. LR 7.1(h)(3).

The Court first notes that both cases were issued prior to the Court's decision; as such, the cases were or could have been make known to the Court before it issued its decision on the summary judgment motion in July 2013. Second, both of those decisions were filed well before Plaintiffs filed their brief in response to the summary judgment motion. Third, the *Roller* case is not controlling authority for this Court. Fourth, the law of Michigan relied upon by the Sixth Circuit in *Mitan* was changed by the Michigan Supreme Court nine days after the December 2012 *Mitan* decision was issued. *See Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98 (2012). The *Mitan* panel acknowledged as much on January 25, 2013 when considering a petition for *en banc* review of the December 2012 *Mitan* decision. *See Mitan v. Federal Home Loan Mortgage Corp.*, 512 Fed.Appx. 539 (6th Cir. January 25, 2013). The Court notes that this acknowledgment was also made prior to the date Plaintiff s filed their response brief in this case. Fifth, as the *Mitan* panel stated on January 25, 2013, subsequent to the December 2012 *Mitan* decision and the Michigan Supreme Court's decision in *Kim*, *supra*, the Sixth Circuit issued an opinion in January 2013 that conflicts with the December 2012 *Mitan* decision.

For the reasons stated above, the Court concludes that Plaintiffs have failed to demonstrate that there is a palpable defect by which the Court has been misled or that correcting any defect

would lead to a different disposition of the motion for summary judgment. Accordingly, the Court DENIES Plaintiffs' Motion for Reconsideration (Docket #7).

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: October 15, 2013